In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-331 CV


____________________



IN THE INTEREST OF M.J. AND A.M.







On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-189,696






MEMORANDUM OPINION


 Mary Ann McKenzie appeals from a judgment terminating her parental rights to M.J.
and A.M. and awarding custody of the children to the Texas Department of Family and
Protective Services. In two issues, McKenzie challenges the legal and factual sufficiency of
the evidence supporting the trial court's finding of a statutory ground for termination, and
the trial court's finding that termination was in the best interest of the children. We affirm.

 In a legal sufficiency review, we consider all the evidence in the light most favorable
to the finding to determine whether a reasonable trier of fact could have formed a firm belief
or conviction that its finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). We
assume that the trial court resolved disputed facts in favor of its finding if a reasonable
factfinder could do so. Id. We disregard all evidence that a reasonable factfinder could have
disbelieved or found to have been incredible. Id. If we find the evidence to be legally
sufficient, we review all of the evidence for factual sufficiency. In a factual sufficiency
review, we determine whether the evidence is such that the factfinder could reasonably form
a firm belief or conviction about the truth of the allegations. Id. We give due consideration
to evidence that the trial court could reasonably have found to be clear and convincing. Id.

 McKenzie is the mother of four children: Z.M., born in 1994; M.J., born in 1997;
A.M., born in 2001; and S.A., born in 2004. She was pregnant at the time of the trial in June
2005. McKenzie acknowledged her eleven-year cocaine addiction. McKenzie admitted she
used drugs while pregnant with three of her children. The Department originally removed
McKenzie's children in February 2002. McKenzie spent almost four months in a court-ordered substance abuse program at a rehabilitation facility. The children were returned to
her and the Department's case was dismissed in November 2003. The Department instituted
removal proceedings again in January 2004, after learning that McKenzie was still using drugs
in the home while the children were present. At the time, McKenzie was pregnant with S.A. 
The Department obtained an emergency order of removal for S.A. in July 2004, because he
tested positive for cocaine at birth. The Department petitioned to terminate McKenzie's
parental rights. The trial court transferred conservatorship of Z.M. to her father without
terminating McKenzie's parental rights, and McKenzie has not appealed that decision. At the
conclusion of the bench trial, the trial court severed the action regarding S.A. from the
remainder of the case. The trial court found that McKenzie used a controlled substance in a
manner that endangered the health and safety of the children, and that McKenzie failed to
complete court-ordered substance abuse treatment or continued to abuse a controlled
substance after completing treatment, and further found that McKenzie was the cause of the
children being born addicted. See Tex. Fam. Code Ann. § 161.001(1)(P), (R) (Vernon Supp.
2006). The trial court found termination to be in the best interest of M.J. and A.M.,
terminated the rights of all parents as to M.J. and A.M., and appointed the Department as the
conservator of these two children.

 McKenzie concedes in her brief "there was some evidence that both M.J. and A.M.
tested positive for cocaine when they were born," but contends the evidence does not support
the finding because M.J. and A.M. were born before the trial court dismissed the first case. (1) 
The court may consider evidence presented at a previous hearing in a subsequent suit for
termination with respect to the same child. Tex. Fam. Code Ann. § 161.004(b) (Vernon
2002). Furthermore, endangerment does not require actual physical injury and may be
inferred from conduct involving another child. In re S.A.P., 169 S.W.3d 685, 702-03 (Tex.
App.--Waco 2005, no pet.) (finding under section 161.001(1)(E)). McKenzie completed the
court-ordered substance abuse treatment and was reunited with her children, but after she left
drug treatment, S.A. was born testing positive for cocaine. McKenzie admitted that she
started using cocaine again after she got the children back, and the present suit commenced
before McKenzie gave birth to S.A. McKenzie testified that she realized that using drugs
while pregnant is not good for the baby, but she used drugs both at the beginning and the end
of her pregnancy even though she knew she was endangering her child's safety. She admitted
that she stayed away from the children and prostituted herself when she relapsed. McKenzie
claimed that she never engaged in prostitution or drug use around the children, and that her
mother kept the children when McKenzie "chose to get high." The trial court could infer a
course of conduct that endangered the welfare of M.J. and A.M. from McKenzie's repeated
relapses into active drug abuse.

 McKenzie points to her testimony that she remained sober for almost one year at the
time of the trial. If true, this is the longest period of sobriety she has experienced. The
Department had last tested her in March 2005, but McKenzie claimed she tested negative
upon her admission to a homeless shelter one month before trial. This evidence is relevant
to the best interest inquiry, but does not significantly undermine the Department's evidentiary
support for the predicate findings. We hold the evidence is both legally and factually
sufficient to support the trial court's findings under section 161.001(1)(P) and (R). See Tex.
Fam. Code Ann. § 161.001(1)(P), (R). Issue one is overruled.

 The non-exclusive factors to be considered in determining whether termination of a
parent's rights is in the children's best interest include: (1) the desires of the children; (2) the
emotional and physical needs of the children now and in the future; (3) the emotional and
physical danger to the children now and in the future; (4) the parental abilities of the
individuals seeking custody; (5) the programs available to assist these individuals to promote
the best interest of the children; (6) the plans for the children by these individuals or by the
agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or
omissions of the parent which may indicate that the existing parent-child relationship is not
a proper one; and (9) any excuse for the acts or omissions of the parent. Holley v. Adams, 544
S.W.2d 367, 371-72 (Tex. 1976). The absence of evidence about some of the Holley factors
will not preclude the trial court from reasonably forming a strong conviction or belief that
termination is in the children's best interest, particularly when undisputed evidence establishes
the parental relationship endangered their safety. In re C.H., 89 S.W.3d 17, 27 (Tex. 2002). 
On the other hand, scant evidence relevant to each Holley factor may not suffice to uphold the
finding. Id.

 McKenzie argues that the fact that the trial court did not terminate her rights regarding
her oldest and her youngest children weighs against the finding that termination is appropriate
for the middle two children. The trial court either placed or contemplated placing Z.M. and
S.A. with their respective fathers. Placing the middle children with their fathers is not an
option because A.M.'s father is unknown and a drug problem made M.J.'s father an
unsuitable conservator. M.J.'s father consented to the termination of his parental rights in
order to clear the way for adoption. The Department's plan for M.J. and A.M. is to place the
children for eventual adoption by M.J.'s paternal grandmother. The potential adoptive parent
had a stable home and was retired, but she took a job so she could provide for the children. 
A.M. resided with her mother for six months after the previous proceeding ended, but had
been living with M.J.'s grandmother since then. Assistance from the State would potentially
be available if she adopted the children. The paternal grandmother wanted the trial court to
terminate the parental rights of both children's parents so that no one could interfere with her
raising the children.

 McKenzie did not present a viable plan for caring for the children. McKenzie's mother
is not physically able to care for the children, and other grandchildren living in the
grandmother's home were also removed by the Department. McKenzie is not gainfully
employed and provided no financial assistance to the children. At the time of trial she was
residing in a homeless shelter in Houston. She did not know the address of the shelter. 
According to McKenzie, she was going to live there until the Department returned S.A. to his
father.

 McKenzie has not identified any Holley factors that preponderate in her favor, but
argues that M.J.'s paternal grandmother could raise the children without McKenzie's rights
being terminated. The trial court could reasonably conclude that despite her sincere efforts
to combat drug addiction, McKenzie would never provide a stable environment for M.J. and
A.M., and that a secure future for the children could only be obtained by terminating
McKenzie's parental relationship with M.J. and A.M. The trial court did not err in finding
that termination is in the best interest of the children. Issue two is overruled. The judgment
of the trial court is affirmed.

 AFFIRMED.


 

 _______________________________

 STEVE MCKEITHEN

 Chief Justice 


Submitted on October 18, 2006

Opinion Delivered November 30, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ.



1. The State's brief says "Petitioner's Exhibits 1, 4, and 5 also indicate that, although
[A.M.] was not born testing positive for cocaine, Mother used alcohol and crack cocaine
almost daily until her seventh month of pregnancy." Regardless, the appellant does not
challenge the finding that the child was born addicted.